Appeal dismissed, without costs, on the ground that the prior determination of the Appellate Division is not one which necessarily affects the final judgment sought to be appealed by the claimant. (CPLR 5601, subd. [d]; see Buffalo Elec. Co. v. State of New York, 14 N Y 2d 453; see, also, Cohen and Karger, Powers of the New York Court of Appeals, § 79, p. 344.)
Concur: Chief Judge Fuld and Judges Burke, Scilepfi and Bergan. Judges Breitel and Jasen dissent and vote to affirm in the following memorandum. Taking no part: Judge Gibson.
Dissenting memorandum. The judgment appealed from should be affirmed. The Appellate Division in directing a new trial, in effect in the interest of justice, was acting within its discretion, both in requiring additional evidence of the use of the farm crossing and the evaluation separately of the affected parcels. Thus viewed, the order of the Appellate Division was proper, even if there had been no error of law in the Court of Claims (Stevens v. Breen, 283 N. Y. 196, 199; Cohen and Karger, Powers *937 of the New York Court of Appeals, pp. 600-601). Certainly, the remand of the action to assess the affected parcels separately was in the exercise of discretion. Perforce, the remand on the use of the farm crossing to provide additional evidence was based either on a reversed finding of fact without substitution of a new finding or on the exercise of discretion. Consequently, the judgment must be affirmed since the appeal has been taken directly from the judgment after the new trial under CPLR 5601, subd. [d], and the prior Appellate Division order involved an appealable albeit not a reviewable question necessarily affecting the judgment (for the practice under Civ. Prac. Act, § 590, see Cohen and Karger, op. cit., supra, pp. 317-326; for the later practice, see, generally, Buffalo Elec. Co. v. State of New York, 14 N Y 2d 453; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 5601.24-5601.27).